

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 10, 1947

Hon. Donald Allums
County Auditor
Hardin County
Kountze, Texas

Opinion No. V-239

Re: Registration by the
county clerk of con-
ditional sales con-
tracts.

Dear Sir:

Your letter requesting an opinion from this Department on the above subject matter is as follows:

"Certain business firms operating in Hardin County and other counties of this State, are requesting that conditional sales contracts be registered as chattel mortgages without being properly authenticated by acknowledgment or witnesses, as required by law. The county clerk of Hardin County is of the opinion that he has no authority to register such instruments unless same are acknowledged before some officer authorized to take acknowledgments and/or witnessed as provided by law.

"Will you please furnish opinions from that Department as to the construction of this law. Articles governing recording and registering instruments are as follows, to-wit: Articles 5489, 5492, 6619, 6609, 6626 and 6627. Articles 5489 and 5492 seem to be the law under which said firms are trying to operate under."

Article 5489 is as follows:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and

registered as required of chattel mort-
gages. Nothing in this law shall be
construed to contravene the landlord
and tenant law."

It was held in the case of Mente v. First
National Bank of Amarillo, 206 S.W. 693, that where a
sale is conditional, in that the title is to pass,
not upon delivery of the property but upon subsequent
payment, in order to affect subsequent purchasers or
creditors, the instrument must be filed as a chattel
mortgage. It was further held in the case of Willis
Overland Company of California v. Chapman, 206 S.W.
978, that a conditional sale of an automobile in Cali-
fornia where it is not necessary to register the instru-
ment, upon removal of the automobile to Texas by the
purchaser, it will be considered a chattel mortgage and
unless registered in Texas will be void as against bona
fide purchaser. It will be noted that according to the
foregoing cases, conditional sales in Texas are consider-
ed chattel mortgages and as such must be filed in the
county clerk's office in order to affect subsequent pur-
chasers or creditors.

We quote the following pertinent statutory
provisions:

"Art. 5490. Every chattel mortgage,
deed of trust, or other instrument of writ-
ing, intended to operate as a mortgage, or
lien upon personal property, and every trans-
fer thereof which shall not be accompanied
by an immediate delivery and be followed by
an actual and continued change of possession
of the property mortgaged, pledged, or affect-
ed by such instrument, shall be absolutely
void as against the creditors of the mortga-
gor or person making same, as against subse-
quent purchasers and mortgagees or lien
holders in good faith, unless such instru-
ment, or a true copy thereof, shall be forth-
with deposited with and filed in the office
of the county clerk of the county where the
property shall then be situated, or if the
mortgagor or person making the same be a
resident of this State, then, of the county
of which he shall at that time be a resident;
. . ."

"Art. 5492. Upon the receipt of such instrument, the clerk shall indorse thereon the day and hour when the same was deposited in his office for the inspection of all parties interested until satisfaction thereof shall be entered, as provided for in this chapter. If a copy be presented to the clerk for filing, instead of the original instrument, he shall carefully compare such copy with the original, and the same shall not be filed unless it is a true copy thereof, and unless the original has been witnessed by two subscribing witnesses or acknowledged or proven for record and certified as required in case of other instruments for the purpose of being recorded." (Emphasis ours)

"Art. 6609. The proof of any instrument of writing for the purpose of being recorded shall be by one or more of the subscribing witnesses personally appearing before some officer authorized to take such proof, and stating on oath that he or they saw the grantor or person who executed such instrument of writing subscribe the same or that the grantor or person who executed such instrument of writing acknowledged in his or their presence that he had executed the same for the purposes and consideration therein stated; and that he or they had signed the same as witnesses at the request of the grantor or person who executed such instrument; and the officer taking such proof shall make a certificate thereof, sign and seal the same with his official seal."

"Art. 6626. The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description; provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or resubdivision shall be filed or recorded unless and

until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of partition or other subdivision through a Court of record; provided, that within incorporated cities and towns the governing body thereof in lieu of the Commissioners' Court shall perform the duties hereinabove imposed upon the Commissioners' Court." (Emphasis ours)

In view of the plain provisions in the above quoted statutes, it is our opinion that the county clerk has no authority to register conditional sales contracts unless the instrument has been witnessed by two or more subscribing witnesses or acknowledged or proven for record as provided under the foregoing Articles.

### SUMMARY

Conditional sales in Texas are treated as chattel mortgages. The county clerk is not authorized to receive and file such instruments unless the same shall have been witnessed or acknowledged as provided by law. Arts. 5490, 5489, 5492, 6609 and 6626, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By John Reeves
Assistant

JR:djm

APPROVED:

Price Daniel
ATTORNEY GENERAL